## CIRCUIT COURT OF FAIRFAX COUNTY

American View Networks, Inc.

v.

Heartland Capital Corp.
and Michael Foudy

January 31, 2005

Case No. (Law) 219215

BY JUDGE ROBERT W. WOOLDRIDGE JR.

This matter came before me for trial by a jury on November 8, 2004, on the amended motion for judgment of American View Networks, Inc. ("American View") against Heartland Capital Corp. ("Heartland") and Michael Foudy and Heartland's amended counterclaim against American View. Prior to trial, certain causes of action and parties were dismissed, leaving breach of contract and fraud claims among the remaining parties. At the conclusion of American View's evidence, I took under advisement Heartland's and Foudy's motions to strike the evidence against them. At the conclusion of all the evidence, I granted Foudy's motion to strike the evidence against him and granted American View's motion to strike the counterclaim. Heartland's motion to strike the claim against it (for breach of contract) remained under advisement and was submitted for decision to the jury, which returned a verdict for American View in the amount of $1,650,000, plus interest. Following that verdict, I received memoranda in support of and in opposition to American View's request for attorney's fees and Heartland's renewed motion to strike the evidence and motion to set aside the verdict and for its own attorney's fees.

For the reasons that follow, I grant Heartland's motion to strike the evidence, and I dismiss the case. I deny both Heartland's and American View's requests for attorney's fees.

*Heartland's Motion to Strike*

In 2001, American View, Heartland, and their principals began negotiations that led to an Agreement and Plan of Merger of December 12, 2001 ("the Agreement"). Two additional corporations, American View Holdings, Inc. ("Parent") and AVN Acquisition Corporation ("Subsidiary"), were formed. Both Parent and Subsidiary were created solely to accomplish the deal between American View and Heartland. Subsidiary was a wholly owned subsidiary of Parent. At a closing to take place in January 2002, Heartland was to pay $5,000,000 to Parent, in the form of $1,650,000 in cash and $3,350,000 in a promissory note payable to Parent. Parent was then to "contribute" the $1,650,000 cash "to the capital" of Subsidiary. On or before the closing date, American View was to merge "with and into" Subsidiary. The "separate corporate existence" of American View would thereby "cease," and Subsidiary would continue to operate what had been American View's business. American View's officers and directors were to become the officers and directors of Subsidiary. Through a series of stock acquisition rights, Heartland would own 67.8% and the American View shareholders would own 32.2% of the stock in Parent.

Parent and Subsidiary were established. At closing, Heartland failed to pay the $5,000,000, and never paid it thereafter. No merger between American View and Subsidiary ever occurred. American View brought this claim for breach of contract against Heartland to recover $5,000,000, plus attorney's fees.

At trial, Heartland asserted that its obligation to pay $5,000,000 under the agreement was contingent on its being able to raise that amount, which it could not do. That defense was clearly contrary to the terms of the agreement, which did not make Heartland's financial obligation conditional in any respect.

Heartland moved to strike the evidence on the grounds, *inter alia,* that American View had no standing to bring a breach of contract claim against it. I agree. Heartland's obligation was to pay $5,000,000 at closing to Parent, a separate and viable corporation. That Parent and Subsidiary had certain obligations thereafter which may have ultimately benefited

American View or its shareholders does not give American View a cause of action directly against Heartland for breach of contract.

Orally at the end of the evidence, and in its post-trial brief, American View offered to move to join Parent or Subsidiary or both as plaintiffs in this action pursuant to § 8.01-5 of the Code of Virginia. That motion came too late to meet the ends of justice requirement of that statute, even in the unlikely event that the absence of Parent or Subsidiary as a plaintiff constitutes nonjoinder.

American View also claims that Heartland should be held liable because, contrary to its representation in the Agreement, it was not in good standing when the Agreement was signed. The parties stipulated that Heartland was not in good standing from at least August 2001 through January 2002. The parties further stipulated that Heartland was restored to good standing in October 2004.[1] American View contends that this misrepresentation is a further basis for its breach of contract claim. I find that such misrepresentation was not the proximate cause of damages arising from breach of the Agreement. Rather, the proximate cause of such damages was the failure of Heartland to pay the $5,000,000 it was obligated to pay to Parent. For the reasons cited above, American View does not have standing to bring that claim.

The purpose of a breach of contract action is to put the parties in the same position they would have been in had the contract not been breached. *Marefield Meadows, Inc. v. Lorenz*, 245 Va. 255, 261, 427 S.E.2d 363 (1993). Here, had Heartland not breached the contract, American View would have suffered no damages because American View would no longer have existed. By the very terms of the Agreement, its "separate corporate existence" would have "ceased." American View also cannot claim (as it did at trial) that it had "lost opportunity" damages as a result of not being paid $1,650,000 or $5,000,000, because it is not American View that would have received those funds under the Agreement.[2] To hold otherwise would be to ignore the separate corporate existence of the parties to the Agreement. *Dana v. 313 Freemason*, 266 Va. 491, 499, 587 S.E.2d 548 (2003).

---

[1] Heartland contends that its restoration to good standing in October 2004 was, under applicable Nevada law, retroactive to the date it lost good standing and that therefore as a matter of law it was always in good standing. My analysis of the "good standing" issue does not require me to address that contention.

[2] American View's evidence at trial of its "lost opportunity" damages was speculative and would not have withstood a motion to strike it, but no such motion was made by Heartland.

Finally, allowing American View to recover would ignore the reality that Heartland is even now clearly subject to suit by Parent for the very same breach of contract claim. It cannot be that, under this Agreement, Heartland is subject to suit by both Parent and American View for the same breach of contract.

*Attorney's Fees*

Paragraph 10.11 of the Agreement provides that, if any party to it brings an action to enforce its rights, the prevailing party shall be entitled to recover costs and expenses, including reasonable attorney's fees. As it is not the prevailing party under this ruling, American View's request for attorney's fees is denied. Heartland's request is denied as well. Heartland presented no evidence at trial as to attorneys' fees. As jury instructions were being considered, the parties agreed to defer the issue of attorneys' fees until after the jury's verdict was returned, and to allow me to decide it. At a hearing on attorney's fees post-trial, Heartland called no expert witness. Its trial counsel merely submitted a document entitled "Affidavit of Counsel Regarding Attorney's Fees." The document was not signed (except on the certificate of service portion, where it appears to have been signed by someone on behalf of the attorney). Although termed an "affidavit," it is not one. The document is not notarized, nor is there even a place on the document for a notary's signature. The document lists various dates in 2004 with general reference to certain work performed; unpersuasively, all the time estimates are in whole hours for each occasion. There is no reference in the document that purports to be an affidavit to an hourly rate; there is merely reference to such a rate in Heartland's post-trial memorandum. In short, I find there is no evidentiary basis for an award of attorney's fees to Heartland.

For these reasons, Heartland's motion to strike American View's evidence is granted, both parties' requests for attorney's fees are denied, and the case is dismissed.